IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EMILY JOY COX, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CORPORATE AUTO BROKERS, INC., | ) | |
| CHARLES TURNER, III, | ) | |
| | ) | |
|    Defendants. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Emily Joy Cox (hereinafter "Plaintiff"), and files this lawsuit against Defendant Corporate Auto Brokers, Inc. and Charles Turner, III (hereinafter "Defendants"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").   In addition to unpaid overtime compensation, Plaintiff seeks to recover legal relief pursuant to 215(a)(3) of the FLSA (i.e. unlawful retaliation).

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Corporate Auto Brokers, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 4600 Browns Bridge Rd., Cumming, GA, 30041. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. <u>Parties</u>

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from February 2005, through November 11, 2011, as an Office Manager/Title Clerk.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

9.

Defendants employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant Corporate Auto Brokers, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Corporate Auto Brokers, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant Charles Turner, III, is the Manager over the entire office of Corporate Auto Brokers, Inc.  Defendant Charles Turner, III had discretion over Plaintiff's payroll and overtime compensation.

14.

Defendant Charles Turner, III acts both directly and indirectly in the interest of Corporate Auto Brokers, Inc. and was in a supervisory position over the named Plaintiff.

15.

Defendant Charles Turner, III is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. <u>Facts</u>

17.

Plaintiff worked for the Defendants within the past three years.

18.

During Plaintiffs employment with Defendants, Plaintiff was not paid the overtime wages and the wage differential required by FLSA §7, 29 U.S.C. §207 when Plaintiff worked above forty (40) hours in a workweek.

19.

Defendants paid Plaintiff on an hourly basis, not a salary basis.

20.

Defendants paid Plaintiff $11.00 per hour.

21.

When Plaintiff worked over forty (40) hours in a work week, Defendants only paid Plaintiff $11.00 per hour.

22.

Defendants also deducted seven (7) hours from Plaintiff's total hours worked each work week and failed to include seven (7) hours each work week in Plaintiff's paycheck.

23.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

24.

On March 9, 2012, Defendant Charles Turner III filed a police report with the Forsyth County Police Department alleging false allegations of theft against Plaintiff.

25.

Defendant Charles Turner III told Plaintiff that he would "forget everything" in the police report if Plaintiff would not move forward with her lawsuit.

26.

Defendant Charles Turner III told Plaintiff that he would keep her "tied up in court forever" if she decided to move forward with her lawsuit.

27.

On March 10, 2012, Defendant Charles Turner III refused Plaintiff's payment on a van that Defendants had been financing for Plaintiff.

<u>**Count I**</u>

**V. <u>Violation of the Overtime Wage Requirement of**</u>

<u>**the Fair Labor Standards Act.**</u>

28.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

29.

Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

31.

Defendants' actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

32.

Defendants knew, or showed reckless disregard for the fact that it failed to pay Plaintiffs overtime compensation in violation of the FLSA.

33.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

34.

Defendants' conduct was willful and in bad faith.

35.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Count II

## VI. Violation of the Retaliation Provision of the
## the Fair Labor Standards Act.

### 36.

Plaintiff engaged in statutorily protected conduct under the FLSA by opposing an employment practice she reasonably believed was unlawful under the FLSA, i.e. seeking the aid of counsel and demanding back overtime in accordance with the FLSA.

### 37.

Plaintiff suffered an adverse action as a result of her statutorily protected conduct, to wit: Defendants filed a police report containing false information about Plaintiff and refused Plaintiff's van payment.

### 38.

Defendants' conduct in filing a police report and refusing Plaintiff's van payment was not wholly unrelated and was, in fact, directly related to Plaintiff's opposition to what she reasonably believed was an unlawful employment practice.

### 39.

Plaintiff's statutorily protected conduct was the motivating factor in the Defendants' decision to file a police report and refuse payment for Plaintiff's van.

40.

As a direct and proximate result of the retaliation Plaintiff has sustained financial losses and mental anguish for which she is entitled to recover from Defendants.

41.

The conduct engaged in by Defendants was intentional, humiliating, and showed willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the presumption that the Defendants specifically intended to harm Plaintiff. Plaintiff is therefore entitled to an award of punitive damages against Defendants under 29 U.S.C. §§ 215(a)(3) and 216(b) in order to punish Defendants and deter Defendants from repeating such wrongful acts.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)     Judgment in favor of Plaintiff   for compensatory and punitive damages together with costs and attorneys fees for violations of 215(a)(3) of the FLSA;

(D)     Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(E)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the  23rd day of April, 2012.

**BARRETT & FARAHANY, LLP**


s/Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Emily Joy Cox

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
amanda@bf-llp.com